UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


JEFF TALANO                                    CIVIL ACTION NO. 12-cv-0299

VERSUS                                         JUDGE HICKS

LOUISIANA STATE UNIVERSITY              MAGISTRATE JUDGE HORNSBY
HOSPITAL, ET AL


**REPORT AND RECOMMENDATION**

Jeff Talano, who is self-represented, filed this action pursuant to 42 U.S.C. § 1983

against the Louisiana State University Hospital, State of Louisiana, and related defendants.

He alleges that he was taken to LSU Hospital after a car accident, and it was discovered he

had an aortic aneurysm.  Talano alleges that LSU physicians offered him corrective surgery

at that facility, but he sought out the opinion of a Houston physician, Dr. Coselli, who is a

very successful aortic surgeon.  Dr. Coselli allegedly recommended that Talano come to

Houston as soon as possible for potentially life-saving emergency surgery that was required.

Plaintiff alleges that LSU officials then refused to release him and held him in the psychiatric

ward on the pretense that he was a danger to himself.  Talano was eventually released and,

according to his complaint, Dr. Coselli performed an operation on him in Houston.

Plaintiff summarizes these events in his allegation that "in january 2010 the

defendants conspired to capture and to kill, and then did capture and attempt to kill, mr talano

in the apparent hope that he would die silently in their custody as punishment for refusing

to accept surgery at lsu hospital." He demands $50,000,000, full written apologies, and other relief.

The only defendants identified in the complaint are the State of Louisiana and LSU Hospital.  Mr. Talano refers to other "defendant actors" but does not name any of them.  The Eleventh Amendment bars Section 1983 suits brought in federal court against the State of Louisiana or agencies or departments that are considered an arm of the state.  Richardson v. Southern University, 118 F.3d 450, 452 (5th Cir. 1997).  This court and others have held that the LSU Board of Supervisors and the LSU Health Sciences Center are arms of the state that are entitled to that immunity.  See e.g., Hodnett v. Louisiana, 2010 WL 3790807, *2 (W.D. La. 2010).  The court may raise the Eleventh Amendment issue sua sponte.  See Ogrey v. Texas, 207 Fed. Appx. 383, 386 (5th Cir.2006); Newberger v. Louisiana Dep't of Wildlife & Fisheries, 2012 WL 3579843 (E.D. La. 2012). The only two named defendants are immune from the claims asserted by Mr. Talano, so it is recommended the civil action be dismissed.

A district court may dismiss an action on its own motion as long as the procedure employed is fair.  Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).  This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case.  See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Another flaw that would ultimately result in dismissal of the complaint is its lack of timeliness.  In Section 1983 cases, federal courts look to the statute of limitations for torts in the forum state.  In Louisiana, the appropriate statute of limitations is one year under Louisiana Civil Code Art. 3492.  Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989).  Mr. Talano did not file his complaint in this action until January 17, 2012, approximately two years after the January 2010 events about which he complains.  There are no other claims presented in the complaint that are subject to a longer period of limitations, so the complaint is untimely.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** based on the Eleventh Amendment immunity of the defendants.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of August, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE